# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TIFFIN MOTORHOMES, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. CV-13-S-93-NE |
| | ) |
| **NATIONAL INTERSTATE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This action raises the question of the power of an Article III court to adjudicate a case removed from state court. The action was commenced in the Circuit Court of Franklin County, Alabama. The complaint sought a judgment under the Alabama Declaratory Judgment Act[1] establishing the liability (if any) of plaintiff, Tiffin Motorhomes, Inc., to defendants, G.A. Rentals, LLC and National Interstate, for the destruction by fire of a motorhome manufactured by plaintiff, owned by G.A. Rentals, and insured by National Interstate.[2] The case was removed to this court by National Interstate on the basis of the parties' diversity of citizenship. *See* 28 U.S.C. §1332(a)(1).[3] Plaintiff moved to remand, but argued only that National Interstate had

---

[1] *See* Ala. Code § 6-6-220 *et seq.* (1975) (2005 Replacement Vol.).

[2] Doc. no. 1-1 (Ex. A.), at ECF 2-3 (Complaint).

[3] Doc. no. 1 (Notice of Removal). To date, plaintiff has not served G.A. Rentals. Accordingly, the consent of that party to removal was not necessary.

not met its burden of showing that the amount in controversy exceeded $75,000, exclusive of interest and costs.[4]  That motion was denied.[5]  The action now is before the court on National Interstate's motion for judgment on the pleadings.[6]

National Interstate first argues that the court should exercise its discretion to refuse to entertain plaintiff's request for entry of a declaratory relief.  Alternatively, National Interstate contends that plaintiff's claim is not ripe for adjudication and, therefore, that there is not a justiciable "case or controversy" within the meaning of the *federal* Declaratory Judgment Act.  *See* 28 U.S.C. § 2201(a).[7]  In response, plaintiff contends that the *Alabama* Declaratory Judgment Act governs this case, *see* Ala. Code § 6-6-220 *et seq.* (1975) (2005 Replacement Vol.), and cites *Alabama* caselaw in support of its contention that there is a "real and present controversy."[8]

The court need not resolve that dispute.  *Regardless of which declaratory judgment act governs this case*, this court must possess subject matter jurisdiction in the *constitutional* sense.  That question turns upon whether the pleadings present a

---

[4] Doc. no. 5 (Motion to Remand).

[5] Doc. no. 8 (Order Denying Motion to Remand).

[6] Doc. no. 7 (Motion for Judgment on the Pleadings).  National Interstate also has filed a motion to extend the deadline to add causes of action, defenses, and parties "from the current deadline of May 27, 2013, to twenty (20) days after the Court enters an Order on the pending Motion for Judgment on the Pleadings." Doc. no. 20 (Motion to Continue Deadline), at 1.  Because the court finds that this case is not ripe, that motion is moot.

[7] Doc. no. 7 (Motion for Judgment on the Pleadings), at 4-11.

[8] Doc. no. 13 (Plaintiff's Response Brief), at ECF 2-6.

justiciable controversy that is ripe for review. Significantly, neither plaintiff nor National Interstate directly address that question under Article III of the United States Constitution, which limits the judicial power of federal courts to actual "cases or controversies."[9] Accordingly, this court must address that threshold issue *sua sponte*. *See*, *e.g.*, *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (holding that federal courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim"); *Johnson v. Sikes*, 730 F.2d 644, 647 (11th Cir.

---

[9] The relevant portion of Article III provides that:

> The judicial Power shall extend to all *Cases*, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; — to all *Cases* affecting Ambassadors, other public Ministers and Consuls; — to all *Cases* of admiralty and maritime Jurisdiction; — *to Controversies* to which the United States shall be a Party; — *to Controversies* between two or more States; — between a State and Citizens of another State; — between Citizens of different States; — between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2 (emphasis supplied). The relevant portion of the federal declaratory judgment act provides that:

> *In a case of actual controversy within its jurisdiction*, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis supplied). That Act's requirement of a "case of actual controversy" is generally synonymous with Article III's "case *or* controversy" requirement. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127-28 (2007); *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 339-40 (1937).

1984) (observing that the answer to the question of whether issues are ripe for decision affects a federal court's subject-matter jurisdiction, and that such issues may be raised at any time).

Article III's limitation of federal jurisdiction to actual "cases or controversies" requires that a claim be "ripe" for judicial review. *See*, *e.g.*, *Konikov v. Orange County, Florida*, 410 F.3d 1317, 1322 (11th Cir. 2005). "Ripeness" — the term used to describe the circumstance in which a particular case or controversy is deemed to present an issue "of sufficient concreteness to evidence a ripeness for review," *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) — is a question of subject matter jurisdiction. *See Bauknight v. Monroe County, Florida*, 446 F.3d 1327, 1331 (11th Cir. 2006) ("Ripeness is an issue of subject matter jurisdiction. . . ."); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.7 (11th Cir. 1989); *Paragon Management, L.L.C. v. Slaughter*, 437 F. Supp. 2d 1267, 1272 (N.D. Ala. 2006). Courts must consider the "ripeness" of claims in order to avoid hypothetical or contingent questions of law, and to prevent issuing opinions "premised on uncertain and contingent future events that may not occur as anticipated or may not occur at all." *Johnson v. Sikes*, 730 F.2d 644, 649 (11th Cir. 1984); *see also Digital Properties*, 121 F.3d at 589 ("The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of

potential or abstract disputes.  The doctrine seeks to avoid entangling courts in the hazards of premature adjudication.").

Accordingly, the "ripeness doctrine involves consideration of both jurisdictional and prudential concerns." *Digital Properties*, 121 F.3d at 589; *see also Johnson*, 730 F.2d at 648.  "In deciding the ripeness of a claim, [courts] inquire into 1) whether the issues are fit for judicial decision and 2) the hardship to the parties of withholding court consideration."  *Konikov*, 410 F.3d at 1322.  That two-pronged approach accounts for the "problems of prematurity and abstractness that may present insurmountable obstacles to the exercise of the court's jurisdiction, even though jurisdiction is technically present." *Johnson*, 730 F.2d at 648; *see also Digital Properties*, 121 F.3d at 589 ("Even when the constitutional minimum has been met, however, prudential considerations may still counsel judicial restraint.").

Plaintiff's complaint avers that a "real and justiciable controversy exists between Plaintiff and Defendants as to the cause and origin of the subject fire, and Plaintiff's liability to Defendants for said fire loss."[10]  Yet, in the parties' opposing briefs addressing National Interstate's motion for judgment on the pleadings, both plaintiff and National Interstate acknowledge that such a controversy is *contingent* upon whether National Interstate, as the insurer, attempts to hold plaintiff responsible

---

[10] Doc. no. 1-1 (Ex. A.), at ECF 3 (Complaint).

for the damages caused by the fire.  National Interstate notes that it

> still has not made a determination regarding liability, as it has not completed its investigation [of the fire].  *If* National Interstate *had made* such a demand to the Plaintiff [for losses caused by the fire], *then* a real and justiciable controversy would likely exist.[11]

In response, plaintiff observes that National Interstate

> has given written notice to [plaintiff] of *potential* liability claims arising from the subject fire loss.  The correspondence sent on behalf of National [Interstate] explicitly states that [plaintiff] *may be* responsible for the loss and that National [Interstate] is subrogated to the rights of its insurer [*i.e.*, G.A. Rentals].[12]

The correspondence that plaintiff references is an August 21, 2012 letter notifying it of National Interstate's ongoing investigation of the fire, and advising plaintiff that it "*may be* responsible for the damages resulting from this loss."[13]

To determine whether plaintiff's claim is ripe under Article III, the court first considers "the fitness of the issues for judicial decision." *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1315 (11th Cir. 2000).

Here, it is clear that the claim is not yet "sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Konikov*, 410 F.3d at 1322.  Specifically, the fact that National Interstate *may*, at some

---

[11] Doc. no. 14 (National Interstate's Reply Brief), at 5 (alteration and emphasis supplied).

[12] Doc. no. 13 (Plaintiff's Response Brief), at ECF 2-3 (alterations and emphasis supplied).

[13] *Id.* at ECF 8 (Ex. A, Letter of Aug. 21, 2012 from National Interstate to Tiffin Motorhomes) (emphasis supplied).

6

future time, attempt to hold plaintiff responsible for the loss does not create more than an abstract, hypothetical disagreement "premised on uncertain and contingent future events that may not occur as anticipated or may not occur at all." *Johnson*, 730 F.2d at 649; *see also Konikov*, 410 F.3d at 1322 (noting that the ripeness doctrine exists to courts avoid becoming entangled in abstract disagreements).

It is possible that National Interstate will not attempt to hold plaintiff responsible for the loss at all. Thus, adjudicating the issues raised by plaintiff's suit at this juncture would be speculative, because there is no "substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (finding no case or controversy under both Article III and the federal Declaratory Judgment Act).

The court also must evaluate "the hardship to the parties of withholding court consideration." *City of Atlanta*, 219 F.3d at 1315. It is not apparent how plaintiff would be burdened by waiting until this putative dispute is ripe for litigation, and the possible outcomes of "withholding court consideration" suggest that no burden exists. If National Interstate does not attempt to hold plaintiff responsible for the loss, then no controversy will arise. Alternatively, if National Interstate eventually does attempt to hold plaintiff responsible and demands payment, plaintiff may then seek declaratory relief, or National Interstate could initiate a suit as plaintiff. It is not clear

how waiting for either result would prejudice plaintiff and, given that National Interstate is still investigating the fire,[14] it would benefit, rather than burden, National Interstate to allow that process to run its course.

Plaintiff misapprehends the nature of the ripeness inquiry under consideration when arguing that:

> If litigation must be commenced [by National Interstate] before a bona fide controversy can be said to exist, then no declaratory judgment could ever be properly filed by a party which was potentially liable for a loss. By definition, all such declaratory judgment actions would be subject to dismissal as either premature or moot.[15]

That argument is not sound. The relevant inquiry is not "which party commenced the litigation,"[16] but "whether there is an actual dispute between the parties." If the answer to that latter question is "yes," then the case is constitutionally ripe for adjudication, and either party can initiate a lawsuit. Here, however, there is only a possible or hypothetical dispute, not an actual one.

## I. DISMISSAL OR REMAND?

---

[14] *See* doc. no. 7 (Motion for Judgment on the Pleadings), at 10-11; *see also* doc. no. 13 (Plaintiff's Response Brief), at ECF 8 (Ex. A, Letter of Aug. 21, 2012 from National Interstate to Tiffin Motorhomes).

[15] Doc. no. 13 (Plaintiff's Response Brief), at ECF 3 (alterations supplied, underlined emphasis in original).

[16] "It is immaterial [for the purpose of determining whether a 'controversy' exists] that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (alteration supplied).

Remand — not dismissal — is the proper remedy because, lacking subject matter jurisdiction, this court has no constitutional authority to dismiss or otherwise adjudicate the case. *See, e.g., Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003).

Moreover, the removal statute commands that if, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be* remanded." 28 U.S.C. § 1447(c) (emphasis supplied). The language of § 1447(c) is mandatory, not discretionary. *See, e.g., International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 87-89 (1991) (finding that § 1447(c) requires remand when subject matter jurisdiction is lacking); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (same).

Thus, because ripeness is an issue of subject matter jurisdiction, *see Reahard v. Lee County, Florida*, 30 F.3d 1412, 1415 (11th Cir. 1994), remand is proper when, as here, a removed case is not ripe for adjudication. *See, e.g., Smith v. Wisconsin Department of Agriculture*, 23 F.3d 1134, 1142 (7th Cir. 1994) (Because plaintiff's "claim is not yet ripe, the district court lacked subject-matter jurisdiction and was required under § 1447(c) to remand the claim to the state court from which it was removed."); *Oakland 40, LLC v. City of South Lyon*, No. 10-14456, 2011 WL 1884188, at *1-2 (E.D. Mich. May 18, 2011) ("Under 28 U.S.C. § 1447(c), this court

9

'shall' remand the case if the court lacks subject matter jurisdiction; and ripeness is a jurisdictional requirement."); *cf. Coyne v. American Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999) (finding that remand is required under § 1447(c) when the plaintiff lacks Article III standing).

## II.  COSTS

Finally, an "order remanding [a removed] case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (alteration and emphasis supplied). The decision to award costs is vested within the district court's discretion. *Bauknight v. Monroe County, Florida*, 446 F.3d 1327, 1329 (11th Cir. 2006).

> Recently, the Supreme Court enunciated a standard to guide the district courts in deciding whether to award fees when remanding a case to state court because of improper removal. The Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Explicitly rejecting the notion that the statute created a presumption in favor of awarding fees, the Court explained that § 1447(c) only authorized an award of costs and fees when such an award was just.

*Id.* (internal citations omitted) (quoting and citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-40 (2005)). The Eleventh Circuit's decision in *Bauknight* suggests that costs should not be awarded in this case. The *Bauknight* opinion affirmed the

district court's refusal to impose costs after remanding a case that was not ripe for adjudication. *Id.* at 1327-29. In support of that result, the Court noted that several district courts previously had disagreed about whether a defendant's right to removal is distinct from the issue of ripeness. *Id.* at 1331. It also added that the removing defendant "had to act quickly after receipt of the complaint" because of the time constrains imposed by 28 U.S.C. § 1446(b). *Id.* Both of those rationales apply here, so costs will not be taxed to National Interstate.

### III.  CONCLUSION AND ORDER

Because this case is not ripe for adjudication in the Article III sense, the court lacks subject matter jurisdiction. Ordinarily, such a finding would warrant dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, however, remand is the proper remedy, because this case was removed from state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment [in a case removed from state court] it appears that the district court lacks subject matter jurisdiction, the case *shall be* remanded.") (alteration and emphasis supplied).

Accordingly, an order remanding this case to the Circuit Court of Franklin County, Alabama, will be entered contemporaneously herewith. This court expresses no opinion about the underlying merits of this action, or whether it presents a

11

justiciable controversy as a matter of *Alabama* law.  Those matters are for the state court to decide on remand.  Alabama courts may, of course, have more liberal ripeness standards than the federal judiciary.  But the ability of this court to adjudicate a case remains *constitutionally* constrained by Article III, even when a *statutory* basis for jurisdiction — here, the parties' diversity of citizenship — exists.

National Interstate's motion for judgment on the pleadings, as well as its motion for an extension of the deadline to add parties, causes of action, and defenses, also is due to be denied as moot.

**DONE** this 21st day of May, 2013.

                                                    _____
                                                    United States District Judge